**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF SOUTH CAROLINA**

GREGORY D. KEITH
AS SPECIAL ADMINISTRATOR of the Spouses, Next Of Kin, Other Statutory Beneficiaries, and The Estates of the following MH370 passengers:

NICOLE MENG
LEO MENG
MENG ZHANG
YAN ZHANG
BING MENG
CHUANE XU
FANQUAN MENG
PENG YAN
YUANHUA BAO
JUNZHANG CHE
JINQUAN ZHANG
GUOWEI DONG
TAO GAN
YUCHEN LI
ZHI LI
WENZHI MA
TUGUI MAO
XUEZHU TANG
QINGYUAN YANG
LIJUN WANG
LINSHI WANG
DEMING XIONG
MEIHUA YANG
JIANFENG YAO
ZHONG HAI ZHANG
ZHAOFANG ZHAO
BAOTANG LOU
FENG ZHOU
JINLING ZHOU
SHIJIE ZHOU
SHAOHUA ZHANG
XIANWEN SHI
LI YANG
JIXIN FENG
QINGJUN TIAN

CIVIL ACTION No.: 2:17-cv-608-PMD

COMPLAINT

| | |
|---|---|
| LIPING XIE<br>WENBO LI<br>FUXIANG GAN<br>XIAODAN YAN<br>QIAO XING<br>HAODONG WEN<br>SIWAN HU<br>NA ZHANG<br>YONGGANG WANG<br><br>Plaintiff,<br>- against -<br><br>THE BOEING COMPANY, a corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

The Plaintiff is the South Carolina appointed Special Administrator for passengers lost on Malaysia Airlines flight MH370 and their family members, including surviving spouses, children, issue of deceased children, as well as dependents of decedents including spouses, children, parents and grand-parents, and next of kin, and all lawful heirs and beneficiaries of Malaysia Airlines Flight 370 passengers MENG ZHANG, NICOLE MENG, LEO MENG, YAN ZHANG,YUANHUA BAO, JUNZHANG CHE, JINQUAN ZHANG, GUOWEI DONG, TAO GAN, YUCHEN LI, ZHI LI, WENZHI MA, TUGUI MAO, XUEZHU TANG, LIJUN WANG, LINSHI WANG, DEMING XIONG, MEIHUA YANG, JIANFENG YAO, ZHONG HAI ZHANG, ZHAOFENG ZHAO, BAOTANG LOU, FENG ZHOU, JINLING ZHOU, SHIJIE ZHOU, SHAOHUA ZHANG, XIANWEN SHI, LI YANG, BING MENG, CHUANE XU, FANQUAN MENG, JIXIN FENG, QINGJUN TIAN, LIPING XIE, WENBO LI, FUXIANG GAN, PENG YAN, XIAODAN YAN, QIAO XING, HAODONG WEN, SIWAN HU, NA ZHANG, QINGYUAN YANG, and YONGGANG WANG, and who have standing by and

through their Special Administrator and undersigned counsel, to file this Complaint against the Defendant. THE BOEING COMPANY.

Defendant at all times relevant herein conducted business in the United States of America and in the Charleston and North Charleston area in this District and in the State of South Carolina.

Each paragraph, sentence, and allegation of this Complaint incorporates as though fully set forth therein all other paragraphs, sentencing and allegations of the Complaint.

## THE PARTIES

1. Plaintiff Gregory D. Keith is a resident of Wando, South Carolina. Plaintiff is the Special Administrator for all surviving family, dependents and next of kin, and the estates, of the above listed passengers on board Malaysia Airlines flight MH370 (hereinafter “MH370”) The Plaintiff, GREGORY D. KEITH, is a citizen of the United States and resident of Berkeley County, South Carolina.

2. NICOLE MENG, who was a citizen of the United States of America is survived by her grandfather JIANGUO ZHANG, her grandmother, HUATIAN HU, her aunt, LUYUE ZHANG, and her uncle, JIN LIU and all other lawful beneficiaries and heirs;

3. LEO MENG, who was a citizen of the United States of America, is survived by his grandfather, JIANGUO ZHANG, his grandmother, HUATIAN HU, his aunt, LUYUE ZHANG, and his uncle, JIN LIU and all other lawful beneficiaries and heirs;

4. MENG ZHANG, who was a lawful permanent resident (a/k/a “green card” holder) of the United States of America, is survived by her mother, MIN HUANG, and her father, ZHAOJUN ZHANG and all other lawful beneficiaries and heirs;

5. YAN ZHANG, who was a citizen of the People’s Republic of China, is survived by her father, JIANGUO ZHANG, mother, HUATIAN HU, sister, LUYUE ZHANG, brother-in-

law JIN LIU and ZHUO LIU, the father and Guardian Ad Litem of YAN ZHANG'S minor child, H. L., and all other lawful beneficiaries and heirs;

6. BING MENG, who was a citizen of the People's Republic of China, is survived by his sister YAN MENG, his grandmother, DUNYING ZHAO, deceased on March 31, 2015 and all other lawful beneficiaries and heirs;

7. CHUANE XU, who was a citizen of the People's Republic of China, is survived by her daughter YAN MENG, mother, DUNYING ZHAO, and all other lawful beneficiaries and heirs;

8. FANQUAN MENG, who was a citizen of the People's Republic of China, is survived by his daughter, YANG MENG, and all other lawful beneficiaries and heirs;

9. PENG YAN, who was a citizen of the People's Republic of China, is survived by his father, SHUSEN YAN and mother, XIYUN TIAN, and all other lawful beneficiaries and heirs;

10. YUANHUA BAO, who was a citizen of the People's Republic of China, is survived by her mother, QINPING XU, her brother JIANJUN BAO, and sister, YUANJUAN BAO, and all other lawful beneficiaries and heirs;

11. JUNZHANG CHE, who was a citizen of the People's Republic of China, is survived by her daughter, MAN ZHANG, and her son, JIA ZHANG, and all other lawful beneficiaries and heirs;

12. JINQUAN ZHANG, who was a citizen of the People's Republic of China, is survived by his daughter MAN ZHANG, and son, JIA ZHANG, and all other lawful beneficiaries and heirs;

13. GUOWEI DONG, who was a citizen of the People's Republic of China, is survived by his spouse, XIA WU, his son, ZHENGQIAN DONG, his father, RONGJIE DONG, and mother,

GUANGZHEN DING, and all other lawful beneficiaries and heirs;

14. TAO GAN, who was a citizen of the People's Republic of China, is represented his spouse SHU ZHANG, his minor daughter, Q.G., his father, DACAI GAN, and mother, YURONG LIN, and all other lawful beneficiaries and heirs;

15. YUCHEN LI, who was a citizen of the People's Republic of China, is survived by his spouse, MINGFEI MA, his father, YIMING LI, and mother, ZHAOXIA SHENG, and all other lawful beneficiaries and heirs;

16. ZHI LI, who was a citizen of the People's Republic of China, is survived by his spouse, YONGFU GAO, his minor daughter, Y.L., his mother, GUOHUI WANG, and brother, PENG LI, and all other lawful beneficiaries and heirs;

17. WENZHI MA, who was a citizen of the People's Republic of China, is survived by her spouse, XINMIN LIN, daughter, YAN LIN, son, TENG MA, father, XIUSHEN MA, step-mother, GUIFEN SONG, and mother, XIURONG YANG, and all other lawful beneficiaries and heirs;

18. TUGUI MAO, who was a citizen of the People's Republic of China is survived by his spouse, XIANQUN HU, his daughter, ZHU MAO, and minor granddaughter, M.Y., and all other lawful beneficiaries and heirs;

19. XUEZHU TANG, who was a citizen of the People's Republic of China, is survived by her son, FAN YANG, and sister, DONGMEI TANG and all other lawful beneficiaries and heirs;

20. QINGYUAN YANG, who was a citizen of the People's Republic of China, is survived by his son, FAN YANG, mother, YUPEI FENG and all other lawful beneficiaries and heirs;

21. LIJUN WANG, who was a citizen of the People's Republic of China, is survived -

22. LINSHI WANG, who was a citizen of the People's Republic of China, is survived by his son, ZHENG WANG, and all other lawful beneficiaries and heirs;

23. DEMING XIONG, who was a citizen of the People's Republic of China, is survived by her son, ZHENG WANG, her father, HE XIONG, and mother, SONGRONG DUAN, and all other lawful beneficiaries and heirs;

24. MEIHUA YANG, who was a citizen of the People's Republic of China, is survived by her son, YI YAO, and her son, QIANG YAO, and all other lawful beneficiaries and heirs;

25. JIANFENG YAO who was a citizen of the People's Republic of China, is survived by his son, YI YAO, his son, QIANG YAO, and father, BORONG YAO, and all other lawful beneficiaries and heirs;

26. ZHONG HAI ZHANG, who was a citizen of the People's Republic of China, is survived by his spouse, LIAN HUA HU, his minor son, Y. Z., his father ZHIXUE ZHANG, his mother, QIAONV GENG and all other lawful beneficiaries and heirs;

27. ZHAOFANG ZHAO, who was a citizen of the People's Republic of China, is survived by her son, JIANGTIAN LOU, her son, JIANGHAO LOU, her daughter, JIANGYUE LOU, and all other lawful beneficiaries and heirs;

28. BAOTANG LOU, who was a citizen of the People's Republic of China, is survived by his son, JIANGTIAN LOU, his son, JIANGHAO LOU, his daughter, JIANGYUE LOU, and all other lawful beneficiaries and heirs;

29. FENG ZHOU, who was a citizen of the People's Republic of China, is survived by her daughter, MENGYAO ZHOU, father, XUELIANG ZHOU, and all other lawful beneficiaries and heirs;

30. JINLING ZHOU, who was a citizen of the People's Republic of China, is survived by his daughter, MENGYAO ZHOU, mother, XIUYING WANG, decease September 2014 and all other lawful beneficiaries and heirs;

31. SHIJIE ZHOU, who was a citizen of the People's Republic of China, is survived by his spouse, SHUFANG LI, his son, KAILAI ZHOU, and son, YALAI ZHOU, and all other lawful beneficiaries and heirs;

32. SHAOHUA ZHANG, who was a citizen of the People's Republic of China, is survived by her spouse, SHENGYUAN ZHAO, her minor daughter, Z.Z., father, SHIJI ZHANG, mother, QIULAN LI, and all other lawful beneficiaries and heirs;

33. XIANWEN SHI, who was a citizen of the People's Republic of China, is survived by his spouse, LIJUN GUO, his minor son, Y.S., father, FENGXIN SHI, and mother, XINGXIU PU, and all other lawful beneficiaries and heirs;

34. LI YANG, who was a citizen of the People's Republic of China, is survived by her spouse, JIAN JIAO, father, GENGXIN YANG, and mother, SHUYING HAN, and all other lawful beneficiaries and heirs;

35. JIXIN FENG, who was a citizen of the People's Republic of China, is survived by his spouse, CHENGYING LIU, his son, JINSHI FENG, and daughter, JIEHAO FENG, and all other lawful beneficiaries and heirs;

36. QINGJUN TIAN, who was a citizen of the People's Republic of China, is survived by his son, CHAO TIAN, father, JINQI TIAN, and mother, LAMEI LI, and all other lawful beneficiaries and heirs;

37. LIPING XIE who was a citizen of the People's Republic of China, is survived by her son, CHAO TIAN, mother, SHUQIN LI, and all other lawful beneficiaries and heirs;

38. WENBO LI, who was a citizen of the People's Republic of China, is survived by her father, YUEHUA LI and her mother, SHUPING LI, and all other lawful beneficiaries and heirs;

39. FUXIANG GAN, who was a citizen of the People's Republic of China, is survived by his spouse MIN WAN, his minor son, T.G., father, MINGSONG GAN, and mother, YUHZEN GAN, and all other lawful beneficiaries and heirs;

40. XIAODAN YAN, who was a citizen of the People's Republic of China, is survived by her father, GANG YAN and mother, XUEYAN MA, and all other lawful beneficiaries and heirs;

41. QIAO XING, who was a citizen of the People's Republic of China, is survived by YUZHI XING and LIXIA ZHANG, the father and mother of QIAO XING, and all other lawful beneficiaries and heirs;

42. HAODONG WEN, who was a citizen of the People's Republic of China, is represented by his mother, NALI YU, and all other lawful beneficiaries and heirs;

43. SIWAN HU, who was a citizen of the People's Republic of China, is survived by YANMIN ZHANG and XUEZHENG LI, the grandfather and grandmother of SIWAN HU, and all other lawful beneficiaries and heirs;

44. NA ZHANG who was a citizen of the People's Republic of China, is survived by YANMIN ZHANG and XUEZHENG LI, the father and mother of NA ZHANG and all other lawful beneficiaries and heirs;

45. YONGGANG WANG, who was a citizen of the People's Republic of China, is survived by KEFEI WANG and LIMANG CUI, the father and mother of YONGGANG WANG, and all other lawful beneficiaries and heirs.

46. All Plaintiffs who have lost their spouses on MH370, and spouses who were lost on MH370, each assert and bring their separate claims and causes of action for loss of consortium.

47. Defendant THE BOEING COMPANY (hereinafter "BOEING") is a Delaware corporation with affiliations within South Carolina and this District that are so continuous and systematic as to render it at home in the State of South Carolina as defined by *Daimler AG v. Bauman*, 134 S. Ct. 746 (U.S. 2014). BOEING is, and at all times relevant was, registered as a business entity in the state of South Carolina with a South Carolina registered agent. BOEING engages in continuous and systematic business in this District. BOEING received and continues to receive substantial benefits from the state of South Carolina for making South Carolina its home.

48. Defendant BOEING manufactured, assembled and sold the subject aircraft to Malaysian Airlines System Berhad (hereinafter "MAS"), and contracted with MAS to provide various products, parts and services for the aircraft to MAS after the sale.

## JURISDICTION AND VENUE

49. This court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; and/or (3) citizens of different states and in which citizens or subjects of a foreign state are or may be additional parties.

50. Pursuant to 28 U.S.C. § 1391, Defendant is at home in South Carolina and this District, resides in South Carolina and this District, and a substantial part of the property that is the subject of this action is situated in the United States and in this district. Defendant is subject to the general personal jurisdiction and venue of this Court and District and this Honorable Court has general jurisdiction over Defendant to hear any and all claims against Defendant.

## FACTS GIVING RISE TO THIS ACTION

51. On March 8, 2014, plaintiff's decedents were passengers on board a Boeing 777-200 aircraft, registration 9M-MRO ("the lost plane"), being operated on that date as Malaysia Air flight 370 from Kuala Lumpur, Malaysia to Beijing, China. The last confirmed communications and location of the flight occurred at 1:19:30 MYT on March 8, 2014, over the South China Sea at or near waypoint IGARI. The plane with all passengers and crew is believed to be lost in the South Indian Ocean. The Australia Air Safety Investigative Board (hereinafter "ATSB) led the government efforts to find the lost plane but on January 17, 2017, suspended the search without finding the plane. No further searches are planned by Australia, Malaysia or China. Boeing has not and will not mount any search effort to look for the plane.

52. On a date prior to March 8, 2014, defendant Boeing designed, manufactured, assembled and sold in the United States the lost aircraft, knowing it would be used for passenger airline service.

53. The disappearance and crash of MH370 was caused or partially caused by defects in the design, manufacture and/or assembly of the aircraft.

54. At the time the plane which would become MH370 left the custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects:

a. The aircraft's electrical wiring was defective and inadequately protected and installed and was subject to contact with combustible sources, including the oxygen supply hose in the flight crews' emergency oxygen supply;

b. The aircraft had combustible sources which were inadequately protected, including conductive oxygen supply hoses in the flight crews' emergency oxygen supply;

c. The avionics and communications system in the cockpit of the aircraft were defective and subject to failure;

d. The transponder of the aircraft was defective and subject to failure;

e. The pressurization system of the aircraft was defective and subject to failure;

f. The suppression systems in the cargo hold were defective and subject to failure;

g. The defects caused and/or allowed a massive and cascading sequence of electrical failures onboard the lost plane which disabled vital systems, including the lost plane's ACARS and Mode S Transponder, making it impossible for the crew to navigate the plane or for the plane to communicate with the ground stations leaving the aircraft to fly without the ability to communicate or control the aircraft until the plane ran out of fuel;

h. The loss and inability to find the plane is substantially the result of Boeing's decision not to equip the lost plane with readily available and reasonable alternative technologies that would have permitted the lost plane's precise location to be tracked in real-time anywhere on the planet;

i. The inability to find the plane is also the result of Boeing's decision to equip the Boeing Airplane, its Flight Data Recorder ("FDR"), and its Cockpit Voice Recorder ("CVR"), with Emergency Locator Transmitters ("ELTs") and Underwater Locator Beacons ("ULBs") that, though intended to help investigators locate the lost plane, the FDR and the CVR in the case of an accident, in fact, as Boeing was well aware, were ineffective, especially in crashes or losses taking place over water. Boeing elected to equip the lost plane with these ineffective ELTs and ULBs despite the presence of other readily available and reasonable alternative technologies that would have allowed the lost plane, the FDR, and the CVR to be tracked in real-time anywhere in the world, especially in cases of crashes, disruption of communications and other losses.

55. The failure to locate the lost plane resulted in a lack of finality and an enduring mystery that has caused unprecedented levels of economic and non-economic losses, emotional and physical pain, distress and mental pain and suffering to those lost on the plane and to their families, the survivors, dependents, heirs, beneficiaries and estates.

56. Before and on March 8, 2014, and as the direct and proximate result of one or more of the above-described defective and unreasonably dangerous conditions in the lost plane the

electrical systems failed, an electrical fire occurred on the lost plane, the avionics and communications system in the cockpit of the lost plane failed, the transponder in the lost plane failed, the pressurizations system of the lost plane failed, and/or the fire suppression systems in the cargo hold failed to suppress a fire, and because of one or a combination of the above failures the flight crew become unresponsive, disorientated and/or unconscious, and the lost aircraft was caused to, and did, violently crash into the Indian Ocean and Plaintiff's decedents were injured and caused to die and be lost, and their families unable to recover them and lay them to rest.

57. At all times relevant herein, the lost Boeing airplane, was sold and/or delivered by BOEING to MAS without being altered by some other party and without substantial change in the condition from which it was sold and/or delivered by BOEING to MAS. The plane was being used as intended by, and/or in a manner that was reasonably foreseeable to, BOEING. MAS put the aircraft to its normal and intended use in commercial passenger service aviation.

58. Plaintiffs have made a *prima facie* case that the aircraft was defective, that the defect was an unreasonably dangerous condition, and that the defect existed when the aircraft left BOEING's control because (1) the product was being used in the manner in which it was intended; (2) there are no reasonable causes and no evidence of other causes for the disappearance of Flight MH370; (3) the aircraft failed to perform in a manner reasonably to be expected in light of its nature and intended function; and (4) a modern aircraft was forever lost despite readily available and reasonable alternative technologies which would have permitted real time precise tracking and location of the plane.

59. BOEING manufactured and assembled the aircraft and did not equip the aircraft with readily available and reasonable alternative technologies that would have permitted the aircraft's precise location to be tracked in real-time anywhere in the world.

60. BOEING did not properly and adequately equip the aircraft, its Flight Data Recorder (‘FDR”), and its Cockpit Voice Recorder (“CVR”), with Emergency Locator Transmitters (“ELTs”) and Underwater Locator Beacons (“ULBs”). BOEING knew that although they are intended to help investigators locate the aircraft, the FDR and the CVR in the case of a crash or loss, they were not effective and can frequently fail if the plane crashes into water.

61. BOEING designed, manufactured and assembled this aircraft with the inadequate ELTs and ULBs despite the presence of other readily available and reasonable alternative technologies that would have allowed the aircraft, the FDR, and the CVR to be tracked in real-time anywhere in the world, especially in cases of crashes, disruption of communications and other losses.

62. BOEING has taken no actions to find the missing aircraft.

63. The official investigation conducted by the Malaysian ICAO Annex 13 Safety Investigation Team for MH370, Ministry of Transport, concluded there was adequate fuel for the planned flight, concluded there were no weight issues, found no maintenance issues which could have caused or contributed to the crash, found no evidence that any pilot, passenger or other crew member caused or contributed to the loss of the plane and crash and no evidence has surfaced of pilot or other crew or stow away suicide or terrorism as the cause of the plane’s loss and crash. The official investigation and search have been completed, and the ATSB December 2015 report stated there is no evidence to suggest that the aircraft was under controlled flight. The ATSB previously concluded that the most likely cause of the disappearance and crash of Flight MH370 was a massive and cascading sequence of electrical failures onboard the BOEING airplane.

64. BOEING designed, manufactured, assembled, tested, serviced, and/or sold the BOEING 777-200ER aircraft that was lost on March 8, 2014 and various components of the

aircraft including, but not limited to, the electrical, oxygen, communications, control, tracking and fire suppression, as well as all other systems.

65. BOEING knew or should have known that the design of its electrical systems, control systems, fire suppression, oxygen, communications, control, tracking and/or warning systems, their improper installation, and/or their defects, would result in failures.

66. BOEING was aware that these electrical systems were inadequate and this was dangerous and unreasonably dangerous, exposing Plaintiff's decedents to unreasonable risk, injury, loss and death.

## COUNT I

## NEGLIGENCE
**(Against Defendant THE BOEING COMPANY)**

67. At all times relevant hereto, defendant Boeing owed a duty to the passengers on MH370, and to the passengers' family members, to exercise reasonable care and the highest standard of care in the design, manufacture, assembly and sale of the accident aircraft so as not to cause injury to, the deaths of and/or the mysterious and unsolved loss of Plaintiff's decedents.

68. Defendant Boeing negligently breached the duty of care it owed to Plaintiff and Plaintiff's decedents through one or more of the following negligent acts or omissions:

a. Defects in the design and /or manufacture of the aircraft;
b. The aircraft's electrical wiring was defective and inadequately protected and installed and was subject to contact with combustible sources, including the oxygen supply hose in the flight crews' emergency oxygen supply;
c. The aircraft had combustible sources which were inadequately protected, including conductive oxygen supply hoses in the flight crews' emergency oxygen supply;
d. The avionics and communications system in the cockpit of the aircraft were defective and subject to failure;
e. The transponder of the aircraft was defective and subject to failure;
f. The pressurization system of the aircraft was defective and subject to failure;
g. The fire suppression systems in the cargo hold were defective and subject to

failure;

h. There was a massive and cascading sequence of electrical failures onboard the aircraft which disabled vital systems, including the Boeing Airplane's ACARS and Mode S Transponder, making it impossible for the crew to navigate the aircraft or for the aircraft to communicate with the ground stations leaving the aircraft to fly without the ability to communicate or control the aircraft until the plane ran out of fuel;

i. The loss and inability to find the plane is substantially the result of Boeing's decision not to equip the lost plane with readily available and reasonable alternative technologies that would have permitted the lost plane's precise location to be tracked in real-time anywhere in the world;

j. The inability to find the plane is also the result of Boeing's decision to equip the Boeing Airplane, its Flight Data Recorder ("FDR"), and its Cockpit Voice Recorder ("CVR"), with Emergency Locator Transmitters ("ELTs") and Underwater Locator Beacons ("ULBs") that, though intended to help investigators locate the lost plane, the FDR and the CVR in the case of an accident, as Boeing was well aware, were ineffective, especially in accidents taking place on water. Boeing elected to equip the lost plane with these ineffective ELTs and ULBs despite the presence of other readily available and reasonable alternative technologies that would have allowed the lost plane, the FDR, and the CVR to be tracked in real-time anywhere in the world, especially in cases of accidents; and/or

k. Boeing has failed and refused to undertake to find the plane.

69. BOEING knew or should have known that its failure to properly and safety design, manufacture, assemble, install, modify, test, and inspect the aircraft including its component parts, would create an unreasonable risk of harm, loss or death to person, including the Plaintiff's decedents onboard the lost plane.

70. In addition, BOEING knew, or in the exercise of reasonable care should have known that the failure of malfunction of any of its aircraft or their component parts, would create an unreasonable risk of harm or death to persons onboard the aircraft.

71. At the time of manufacture, the likelihood that the aircraft would cause injury or death to passengers onboard the aircraft, including the Decedents, and the seriousness of those harms, outweighed the burden on BOEING to design the aircraft in a way that would have

prevented those harms.

72. The defects in the manufacture, design and /or assembly of the aircraft caused the crash and disappearance of Flight MH370, which led directly and proximately to the injury and loss of everyone onboard the aircraft, including Plaintiff's decedents and thereby harming Plaintiff, decedents and decedents' families and causing them to suffer damages and losses.

## COUNT II

## BREACH OF WARRANTY
**(Against Defendant THE BOEING COMPANY)**

73. Defendant BOEING was the designer, manufacturer, distributor, and/or seller of the BOEING 777-200ER which was lost and which is at issue in this case.

74. Defendant BOEING represented expressly and/or impliedly that the lost aircraft, its parts and components, and its accompanying warnings and instructions, were safe and appropriate for the purpose of commercial passenger air travel, were of merchantable quality, and were free from defects.

75. Plaintiff's decedents were intended third-party beneficiaries of Defendant BOEING's warranties as ticketed passengers of Malaysia Airlines Flight 370.

76. The crash of Malaysia Airlines Flight 370 and the injuries and damages suffered by Plaintiff, Plaintiff's decedents, and the families of those lost on MH370 resulted directly from BOEING's breach of the aforementioned warranties.

## COUNT III

## STRICT LIABILITY
**(Against Defendant THE BOEING COMPANY)**

77. Boeing designed, manufactured, assembled, installed, modified, inspected, tested, repaired, marketed, sold, and/or distributed the aircraft together with its component parts, into the

stream of commerce, with full knowledge and intent that the aircraft would be used by the aviation community, including passengers, for commercial flight operations.

78. At all times material to this Complaint, the aircraft was sold and/or delivered by Boeing without being altered by some other third party, without substantial change in the condition in which it was sold and/or delivered by Boeing, and was being used as intended by, and/or in a manner that was reasonably foreseeable to, Boeing.

79. Specifically, MAS, the company to whom BOEING sold the aircraft, used the aircraft for its normal and intended purpose as set forth herein.

80. When BOEING placed the aircraft into the stream of commerce, the aircraft was defective in its manufacture, design and/or assembly.

81. The aircraft failed to perform in a manner reasonably to be expected in light of its nature and intended purpose. The defects in the manufacture, design and/or assembly of the aircraft were unreasonably dangerous conditions.

82. The aircraft was not reasonably safe as designed. At the time of manufacture, the likelihood that the aircraft would cause injury, loss or death to passengers onboard the aircraft or loss of the aircraft and passengers thereon, including Plaintiff's Decedents, and the seriousness of those harms, outweighed the burden on BOEING to design the aircraft in a way that would have prevented those harms.

83. The defects in the manufacture, assembly and/or design of the aircraft caused the crash and disappearance of Flight MH370 and crash, which led directly and proximately to the injury and loss of everyone onboard the aircraft, including the Plaintiff's decedents.

84. The crash and loss of the passengers was a reasonable and foreseeable consequence of BOEING'S defective design, manufacture and/or assembly of the aircraft for which BOEING

is strictly liable.

85. Plaintiff's Decedents and their families, heirs and estates were injured, lost and suffered damages as a result of BOEING'S defective design, manufacture and/or assembly.

**CLAIM FOR DAMAGES**

86. As a direct and proximate result of the negligence, breach of warranty, strict liability, actions and inactions of the Defendant, Plaintiff, Plaintiff's passengers, decedents, successors in interest, beneficiaries of decedents' estates, their family members, next of kin and dependents suffered injuries and damages and are entitled to recover for their losses including in claims for wrongful death and survival actions, and all other actions and claims asserted herein.

87. Plaintiff, Plaintiff's estates, Plaintiff's passengers, next of kin, dependents, heirs and the survivors of Plaintiff's passengers have in the past, do in the present, and will in the future continue to suffer the following damages for which they seek all fair and just recompense for all wrongful death, and survival claims allowed by law;

a. All economic and non-economic damages allowed by law by S.C. Code Ann. §§ 15-5-90, 15-5-100, 15-51-10, 15-51-20 and 15-51-40, et seq., or other damages and survival action laws and/or remedies which may be applied by this Honorable Court after any choice of law or other damages or jurisdiction analysis;

b. For a measurable and significant period before, during and after the first and subsequent physical injuries and impacts, as well as before their death which was declared by Malaysia, the passengers sustained significant personal physical injuries, including conscious and physical pain and suffering, pre and post impact fright and terror, fear of impending death, mental anguish, emotional distress, and other severe injuries, suffering, distress and harm for a measurable period of time prior to their being lost and declared

dead by Malaysia;

c. Loss of being able to live life and the loss of enjoyment of life;

d. Loss of earnings;

e. Loss of gross earning power and earning capacity;

f. Loss of net accumulations;

g. Loss of past earnings;

h. Loss of future and prospective earnings;

i. Loss of inheritance;

j. Any other pecuniary losses for the loss of the passengers;

k. Loss of prospective estate accumulations;

l. Funerals, services, shrines, bereavement, expenses related to crash family briefings, travel to Beijing and Malaysia to seek answers and to attend briefings by MAS, MAB, BOEING or government representatives and other expenses which have been incurred due to the passengers' loss, that have become a charge against the estates or that were paid by or on behalf of the Plaintiffs, passengers, estates or family members;

m. Pre-judgment interest;

n. Post-judgment interest;

o. Any other interest allowed by law;

p. Costs, expenses, and attorneys' fees;

q. Loss of support and services in money or in kind from the date of the disappearance of MH370 to the extent of the passengers' normal life expectancies;

r. Loss of care, comfort, society, protection, companionship, instruction, guidance, tutelage, counsel, moral support and advice;

s. Physical and mental pain and suffering from the date of the loss of MH370;

t. Grief, emotional distress, and sorrow of the families and beneficiaries;

u. Loss of enjoyment of life of the passengers' families and beneficiaries;

v. Loss of the value of not having to live one's life alone;

w. Loss of the pleasures of living;

x. Loss of love;

y. Loss of solace;

z. Loss of familial care;

aa. Loss of spousal consortium, in cases where the passenger was married;

bb. Damage and Loss of Property;

cc. Punitive and/or exemplary damages as allowed by law;

dd. Any and all other damages to which Plaintiff, Plaintiff's heirs, dependents, passengers, family members, successors in interest, representatives, estates, survivors and beneficiaries are lawfully entitled under applicable law including under conflicts and choice of law principles;

ee. As MH370 was a transoceanic flight, fulfilling a role traditionally performed by a maritime vessel and the flight bore a significant relationship to traditional maritime activity, Plaintiffs' claim all rights, claims, and remedies of both maritime wrongful death and maritime survival actions including punitive damages; and

ff. Should the aircraft be found and it be determined or otherwise declared that MH370 passengers died on the high seas, there are additional damages to which the Plaintiff may be entitled under such law and Plaintiff reserves all such rights in the event such further and other evidence is revealed.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages as allowed by law, including punitive and/or exemplary damages, interest as allowed by law, and costs, expenses and attorneys' fees and other such relief as this Honorable Court deems fair and just.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues triable as of right by a jury.

Dated: March 3, 2017

By: __/s/Mary Schiavo________________
Mary F. Schiavo (D.S.C. 10755)
James R. Brauchle (D.S.C. 8014)
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
mschiavo@motleyrice.com
jbrauchle@motleyrice.com
Telephone: 843.216.9000
Facsimile: 843.216.9450

Keke Feng (State Bar No. 289184)
3525 Del Mar Heights Rd. 463
San Diego, CA 92130
Telephone: 858-205-7887
Facsimile: 858-205-7887
kfeng@flight-law.com

*Attorneys for the Plaintiffs*